# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY RANKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV203 JCH |
| | ) | |
| JARED BARTEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the Court record. Also before this Court are several motions filed by someone purporting to be defendant Jared Bartel, as well as correspondence from plaintiff and a motion to "close case," interpreted by this Court as a motion to enforce the settlement agreement, brought by plaintiff Timothy Rankins.

On February 18, 2016, plaintiff was ordered to submit, within thirty (30) days, an amended complaint, a motion to proceed in forma pauperis, as well as a prison account statement. To this date, plaintiff has failed to do so. Instead, plaintiff has filed a motion for this Court to approve an alleged settlement between he and purported defendant Jared Bartel. Although this action is subject to dismissal for plaintiff's failure to comply with a Court Order, pursuant to Federal Rule of Civil Procedure 41(b), the Court will not dismiss the action at this time. Plaintiff will be provided thirty (30) additional days to comply with this Court's February 18, 2016 Memorandum and Order. Plaintiff's failure to do so will result in a dismissal of this action, without prejudice.

Plaintiff's motion for the Court to approve the alleged settlement will be denied. The Court finds it incredulous that a defendant correctional officer at the St. Genevieve County

Correctional Institution would willingly, without counsel, settle an excessive force claim for $8 million dollars with plaintiff.[1] Moreover, this Court refuses to enforce an illegal settlement given that such a settlement could not have properly arisen when defendant Bartels could not legally have been served with plaintiff's complaint against him, as plaintiff was ordered to amend his complaint on a court-form, and has still not done so.

Additionally, before plaintiff's amended complaint can be served on defendants, his amended complaint must be subjected to frivolity review by this Court pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, prior to the United States Marshals effectuating service on plaintiff's behalf. Thus, any "settlement" reached between plaintiff and defendant on whatever document given by plaintiff to defendant Bartels through the correctional mailing system, was not properly served within the Federal Rules and cannot be used as the basis of a settlement agreement in this action.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's form Prisoner Civil Rights Complaint.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's Motion to Proceed in Forma Pauperis - Prisoner Cases.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff shall either pay the $400 filing fee or submit a motion to proceed in forma pauperis within thirty (30) days of the date of this Order.

---

[1] The Court takes judicial notice that defendant Bartel's "motions" were stamped with the outgoing mail designation as having been mailed from the Saint Genevieve County Detention Center.

**IT IS FURTHER ORDERED** that if plaintiff submits a motion to proceed in forma pauperis, he must also submit a certified copy of his prison account statement for the six month period immediately preceding the filing of his complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion to "close this case" which is interpreted as a motion to enforce the settlement agreement [Doc. #11] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Bartels' motions to dismiss [Doc. #5-8] are **DENIED** without prejudice as proper service has not been effectuated on plaintiff's complaint in this case.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the court will dismiss this action without prejudice. If the case is dismissed, the dismissal will not constitute a "strike" under 28 U.S.C. § 1915(g).

Dated this 8th day of April, 2016.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE